UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO(s). 00-6318-CR-DIMITROULEAS

UNITED STATES OF AMERICA

    Plaintiff,

v.

OSWALDO E. RENFRUM,

    Defendant.

_____/

**UNITED STATES' RESPONSE TO THE COURT'S ORDER TO
SHOW CAUSE WHY THE MONEY SHOULD NOT BE ORDERED RETURNED**

The United States files its response to the December 7, 2001, Order to Show Cause issued by the Court in this matter. In support the United States submits that:

1.    Upon his arrest on October 19, 2000, Defendant Oswaldo E. Renfrum ("Renfrum") disclaimed any and all ownership interest in the monies ($250.00 in United States currency and $4,450.00 in Dutch Guilders) seized in this matter. See paragraphs five and six of affidavit from Special Agent Brian Shanahan, Drug Enforcement Administration attached as Exhibit One. Besides denying ownership of the monies, Renfrum stated they belonged to co-defendant, Eugene Mierak. Consequently, Renfrum was not provided with notice of the administrative forfeiture proceedings against the monies. Renfrum waived[1] his rights to the monies and to notice by denying ownership.

2.    The facts show that given Renfrum's conduct, no manifest injustice will result if the

---

[1] Even the most basic rights of criminal defendant are subject to waiver. See Peretz v. United States, 501 U.S. 923, 936-37, 111 S. CT. 2661, 2669-70, 115 L.Ed.2d 808 (1991).



monies are not returned to Renfrum[2]

## CONCLUSION

Renfrum's letter requesting the return of the monies lacks merit. Cause has been shown by the United States why the monies should not be returned to Renfrum.

                                Respectfully submitted,

                                GUY A. LEWIS
                                UNITED STATES ATTORNEY

By: _____
        WILLIAM H. BECKERLEG, JR.
        ASSISTANT U.S. ATTORNEY
        500 E. Broward Blvd., Suite 700
        Fort Lauderdale, Florida 33394
        Tel: (954) 356-7314, ext. 3614
        FAX: (954) 356-7180
        Bar No. A5500074

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was mailed by Federal Express this <u>17th</u> day of December, 2001, to:

Oswaldo E. Renfrum
Defendant
Reg. # 55510-004
c/o FCI Elkton
P.O. Box 10
Lisbon, Ohion 44432-0010

_____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY

---

[2] The "decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint . . . . Jurisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." <u>U.S. v. Eubanks</u>, 169 F.3d 672, 674 (11th Cir. 1999). See also <u>United States v. Martinez</u>, 241 F.3d 1329, 1331 (11th Cir. 2001). That is not the case here.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO(s). 00-63180-CR-DIMITROULEAS

UNITED STATES OF AMERICA

    Plaintiff,

v.

OSWALDO E. RENFRUM,

    Defendant.
_____/

<b><u>DECLARATION</u></b>

I, Brian Shanahan, declare pursuant to 28 U.S.C. §1746 and under penalty of perjury, that:

1. I am a Special Agent with the Drug Enforcement Administration, responsible for the enforcement and investigation of narcotics violations of the laws of the United States. I have been a Special Agent for approximately three (3) years. Prior to my service with the Drug Enforcement Administration, I served as a New York State Peace Officer for approximately eight (8) years. The following facts are based on personal knowledge, conversations with other Special Agents and law enforcement officers from state and local police agencies.

2. I have been trained as a narcotics investigator at the DEA Academy in Quantico, Virginia. I have received specialized training and experience in drug distribution investigations and have received extensive training in current Cocaine, Heroin, Marijuana, and MMDA (Ecstasy) trafficking trends. My experience as a narcotics investigator includes participation in court-authorized wiretap surveillance


GOVERNMENT EXHIBIT 1

operations, undercover operations, as well as covert intelligence gathering operations. During my tenure as a Special Agent with the Drug Enforcement Administration, I have participated in several narcotics investigations, including the possession and distribution of Cocaine, Heroin, Marijuana and MDMA (Ecstasy). Your Affiant has conducted and participated in the execution of search and seizure warrants which have resulted in the seizure of controlled substances, records, documents, receipts, bank records, papers relating to the distribution of controlled substances.

3. On October 19, 2000, S/A's of the DEA West Palm Beach Resident Office and Agents of the Palm Beach County Sheriff's Office arrested the defendants Oswaldo RENFRUM, along with Orlando JANSEN, Eugene MIERAK, and Marcell VERSCHUREN.

4. On same date, at approximately 2:15 p.m., Eugene MIERAK signed a DEA Form 88 (Consent to Search), witnessed by S/A Daniel Bruce and Task Force Officer Gary Chase, to search room 120 of the Holiday Inn Express hotel. This DEA 88 Form is further described as Exhibit N-15. Hotel records indicated that this room was rented to Eugene MIERAK. At that time, S/A's conducted a search and seized, among other things, approximately $2,576.00 in U.S. Currency, and approximately $ 4,450 in Netherlands Guilders. Agents also seized travel documents and phone books from the room.

5. On same date, Affiant, as witnessed by S/A Bruce questioned all four (4) defendants, Oswaldo RENFRUM, Orlando JANSEN, Eugene MIERAK, and

Marcell VERSCHUREN regarding the ownership or interest of the Currency ($2,576.00 in United States currency and $4,450.00 in Guilders) that was seized from the hotel room. OSWALDO RENFRUM, along with JANSEN and VERSCHUREN all denied ownership of the Currency and acknowledged that the Currency belonged to MIERAK.

6. RENFRUM never stated to Affiant nor to any other Agent that the Currency or any portion thereof belonged to him

7. On December 15, 2000, at the request of OSWALDO RENFRUM, Affiant returned the following personal items belonging to RENFRUM, through Elisabeth SERVAIS, a personal friend/relative of RENFRUM:

1. One (1) Netherlands Passport issued to Oswaldo RENFRUM.
2. One (1) Netherlands Identification card issued to RENFRUM
3. One (1) ABN-AMRO Credit room issued to Kim ZICHEM
4. One (1) Miscellaneous Identification Card.
5. One (1) Airline Card
6. VIP Club Card
7. Netherlands Drivers License issued to Oswaldo RENFRUM
8. Miscellaneous Documents
9. Schaffhausen silver color watch
10. Black and Silver Watch
11. Gold/Diamond Colored Necklace
12. Gold Colored Bracelet
13. Black/Silver Belt

14. Leather necklace with charm on it

15. Leather necklace with a charm of an animal.

16. Two (2) Gold Colored Dogs,

17. One (1)Gold /Diamond earrings,

18. One (1) Address Book/miscellaneous documents.

8. Prior to December 15, 2000, RENFRUM had given Affiant consent to search his Palm V Mini Organizer to retrieve the stored data, including but not limited to names, and telephone numbers. On December 15, 2000, Affiant, while returning RENFRUM's other property, advised Mrs. SERVAIS to contact him in a few weeks to retrieve the Palm V Mini Organizer. To date, Affiant has had no further contact with Mrs. SERVAIS.

9. Additionally, Affiant has stated that the only other property belonging to RENFRUM are phone numbers, bank receipts, stubs of boarding passes and other miscellaneous documents and are maintaining custody of these items for evidentiary reasons in this investigation.

10. In response to RENFRUM's motion for return of other property belonging to him, DEA has no further evidentiary need for the Palm V Mini Organizer and the Sony IC Recorder, Model # ICD-70 and returned these items as described below. Affiant further states that RENFRUM advised him, that Mrs. SERVAIS would contact Affiant and receive custody of these items. To date, Affiant has had no contact with Mrs. SERVAIS.

11. Approximately two weeks ago, Affiant contacted OSWALDO RENFRUM at FCI, ELKTON, to ascertain an address for the return of the above referenced items. Since then, Affiant, via Federal Express, has mailed these items to a Netherlands address as requested by RENFRUM.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON DECEMBER 14TH, 2001.

_____
BRIAN SHANAHAN
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION